UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHKELQESA DERVISHI on her own behalf  :
and on behalf of her minor son T.D.,  :
     Plaintiff,  :
v.  :            3:14-cv-01125-WWE
       :
R. WAYNE HOLLAND,  :
     Defendant.  :

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

This is an action by Shkelqesa Dervishi, proceeding *pro se* on behalf of herself and her

minor son, challenging the educational programs established for her son by the Stamford Board

of Education.  Defendant R. Wayne Holland is the Director of Program Development for the

Board.

The operative complaint alleges violation of the Rehabilitation Act; the Americans with

Disabilities Act ("ADA"); 42 U.S.C. Section 1983 (equal protection and First Amendment

retaliation); and the False Claims Act; as well as common law defamation.  Defendant has moved

to dismiss the complaint in its entirety.  For the following reasons, defendant's motion will be

granted.

### DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the

complaint, not to assay the weight of the evidence which might be offered in support thereof."

Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir.

1984).  When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as

true and draw all reasonable inferences in favor of the pleader.  Hishon v. King, 467 U.S. 69, 73

(1984).  The complaint must contain the grounds upon which the claim rests through factual

allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).   A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

The factual allegations of plaintiff's complaint concern the alleged improprieties in the development of an appropriate educational program for plaintiff's son, who suffers from autism spectrum disorder and accompanying intellectual and language impairments.  This action is plaintiff's fourth lawsuit alleging that her son has been denied a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act ("IDEA").  See Docket Nos. 3:11cv1018 (WWE), 3:13cv893 (WWE), 3:13cv1260 (WWE).

Plaintiff's amended complaint and her opposition to defendant's motion to dismiss confirm that she seeks relief arising out of the educational program provided to her son. Defendant argues that plaintiff is required to pursue the relief she seeks under the rubric of the IDEA because plaintiff is seeking relief related to her son's educational program and placement. See Cave v. East Meadow Union Free School Dist., 514 F.3d 240, 245-49 (2d Cir. 2008). "Under the educational scheme of the IDEA (previously known as the Education of the Handicapped Act), parents of students with disabling conditions are guaranteed both an opportunity for meaningful input into all decisions affecting their child's education and the right to seek review of any decisions they think inappropriate." Id. at 245.

"A plaintiff's failure to exhaust administrative remedies under the IDEA deprives a court of subject matter jurisdiction." Polera v. Board of Educ. of Newburgh Enlarged City School Dist., 288 F.3d 478, 483.  "Importantly, complainants must overcome this significant procedural

hurdle not only when they wish to file a suit under the IDEA itself, but also whenever they assert claims for relief *available* under the IDEA, regardless of the statutory basis of their complaint." Cave 514 F.3d at 246.  Accordingly, "the IDEA's exhaustion rule applies to all of [plaintiff's] federal causes of action regardless of their statutory bases." Id. at 248.

As this Court ruled in Dervishi v. Stamford Board of Education, Docket No. 3:11cv1018 (WWE), only plaintiff's claims against the Board for the 2010-2011 school year have been exhausted [Doc. # 60].  Although the IDEA's exhaustion requirements do not apply where exhaustion would be futile, Coleman v. Newburgh Enlarged City Sch. Dist., 503 F.3d 198 205 (2d Cir. 2007), plaintiff bears the burden of establishing that the futility exception is applicable, and the exception is a narrow one, as sweeping exceptions are at odds with Congress' belief that administrative agencies are best suited to get it right by correcting their errors and properly designing their programs.  Polera, 288 F.3d 478, 489 (2d Cir. 2002).

Plaintiff argues that exhaustion of administrative remedies is not necessary where it would be futile or inadequate, but plaintiff has not demonstrated or articulated why adequate relief is not available, aside from the availability of money damages:

> [Defendant] Holland has destroyed T.D.'s life and his family's life and must be punished for that. . . . [E]xhaustion would be futile because money damages, which are unavailable through administrative process, are the only remedy capable of redressing the Plaintiff's injuries in federal court.

Pl.'s Resp. at 4. [Doc. #15].

Plaintiff's argument is unavailing, as "a disabled student who claims deficiencies in her educational program may not bypass the IDEA's administrative exhaustion rule merely by claiming monetary damages." Cave at 514 F.3d at 247.  Accordingly, as this Court previously

ruled in  Dervishi v. Stamford Board of Education, Docket No. 3:11cv1018 (WWE), plaintiff's

federal IDEA related claims outside of the 2010-2011 school year must be dismissed for lack of

subject matter jurisdiction.

**Statute of Limitations for Claims Related to the 2010-2011 School Year**

Plaintiff brings claims against defendant pursuant to 42 U.S.C. Section 1983, the ADA,

the Rehabilitation Act, and the False Claims Act.

In Connecticut, a plaintiff must bring Section 1983 claims within three years of the date

she knows or has reason to know of the alleged harm which is the basis of her action.  See Perry

v. City of Stamford, 996 F. Supp. 2d 74, 82. (D. Conn. 2014).  Plaintiff's Section 1983 claims

related to the 2010-2011 school year accrued by May 13, 2014 - three years after the date the

administrative Hearing Officer issued the Opinion setting forth the findings with which plaintiff

disagrees.  Plaintiff did not file the instant action until July 31, 2014.  Accordingly her Section

1983 claims will be dismissed on statute of limitations grounds.

Plaintiff's claims pursuant to the ADA, the Rehabilitation Act, and the False Claims Act

are similarly time-barred.  See Duprey v. Connecticut Dept. Of Motor Vehicles, 191 F.R.D. 329,

341 (D. Conn. 2000) ("[T]his Circuit has uniformly applied Connecticut's three-year tort statute

of limitations in other civil rights contexts and does so as well with the ADA."); Lee v.

Department fo Children and Families, 939 F. Supp. 2d 160, 171 (D. Conn. 2013) ("In

Connecticut, the three-year statute of limitations from Conn. Gen.Stat. § 52–577 is applied to

Rehabilitation Act claims."); U.S. ex rel. Smith v. Yale Univ., 415 F. Supp. 2d 58, 102

(D. Conn. 2006) (applying three-year statute of limitations to retaliation claims under the False

4

Claims Act).[1]  Accordingly, plaintiff's remaining federal claims based on the 2010-2011 school year will be dismissed on statute of limitations grounds.

**Plaintiff's Common Law Defamation Claim**

As all of plaintiff's federal claims will be dismissed, it would be inappropriate for the Court to retain jurisdiction over her state law defamation claim.  See Cave 514 F.3d at 250 ("Certainly, if the federal claims are dismissed before trial ... the state claims should be dismissed as well.") Accordingly, plaintiff's defamation claim will be dismissed.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss [Doc. #13] is GRANTED.  The Clerk is instructed to close this case.

Dated this 29th day of June, 2015, at Bridgeport, Connecticut.

    /s/Warren W. Eginton
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff's claims against the Board were timely filed in the companion case before this court, Dervishi v. Stamford Board of Education, Docket No. 3:11cv1018 (WWE).  Those claims survived a motion to dismiss by the Board in that case.